954 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Constance B. NEWMAN, Director, Office of Personnel
Management, Petitioner,
v.
Moses HAMMOND, Respondent,
and
Merit Systems Protection Board, Respondent.
 Misc. No. 315.
 United States Court of Appeals, Federal Circuit.
 Nov. 1, 1991.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Constance B. Newman, Director of the Office of Personnel Management (OPM), petitions for review of the Merit Systems Protection Board's decision in Hammond v. Department of Navy, PH07528710290. Moses Hammond opposes. The Board opposes.
 
 
 2
 This case has a long procedural history. For purposes of this petition, only the following is relevant. Hammond was employed by the Naval Weapons Station in Yorktown, Virginia. In March of 1986 he was arrested for driving while intoxicated. In early April, Hammond talked to an employee at the personnel office, Louisa Valencourt. Valencourt stated that Hammond discussed the possibility of resigning if he were jailed and Valencourt told him that he must complete a SF-52 if he wished to resign. A memorandum prepared by Valencourt after their meeting stated:
 
 
 3
 I told him to call or mail us a letter, if he decides to resign and does not have a chance to come in personally, we could mail him the form, if necessary.
 
 
 4
 From jail, Hammond wrote the personnel office two letters on October 6, 1986. In one letter he requested leave without pay for three months. In the other letter, he wrote: "I Moses S Hammond is resigen for my employees at the Naval Weapons Station if I can not get the 3 mounth of leave grant with out paid at this time."
 
 
 5
 On October 15, 1986, the agency denied Hammond's request for leave without pay and, without contacting him, processed his other letter as a resignation, effective October 6, the date of the letter. In response to later letters from Hammond regarding his leave request, the agency informed Hammond by letter on October 26, that his resignation has been accepted. On October 27, Hammond wrote that he had changed his mind and did not want to resign. The agency did not allow Hammond to withdraw his resignation and did not inform him of any right to appeal the action.
 
 
 6
 Hammond appealed to the Board a few months later. On December 30, 1987, upon OPM's motion for reconsideration, the Board reversed an initial decision dismissing Hammond's appeal for lack of jurisdiction. The Board held that Hammond's resignation was not voluntary, that Hammond could have reasonably believed that his October 6 letter would lead to the agency sending him a SF-52 form, and that there was no evidence that he intended to resign regardless of the decision on the leave request.
 
 
 7
 After some appeals and petitions not relevant here, on August 26, 1991, the Board, again on OPM's motion for reconsideration, held that:
 
 
 8
 the thrust of the Board's decision was that an employee's expression of a present intent to resign must be definite and unequivocal and that where it is ambiguous the agency is not entitled to rely on it ... The Board's decision correctly found that the ungrammatical wording of the letter leaves too much ambiguity as to what the appellant intended for the agency to have acted on this interpretation. Moreover, there is no apparent reason why the agency could not have contacted the appellant to clarify this ambiguity.
 
 
 9
 OPM now petitions this court for review of the Board's decision.*
 
 
 10
 Pursuant to 5 U.S.C. § 7703(d), OPM may seek review of a Board decision when it determines that the Board erred in interpreting a civil service law, rule, or regulation and that the Board's decision will have a substantial impact on the administration of the civil service. In particular, it is incumbent on OPM to demonstrate the decision will have the requisite substantial impact. Devine v. Brisco, 733 F.2d 867, 871 (Fed.Cir.1984). A decision that is essentially a matter of judgment closely tied to the facts of the case is the type of issue of which OPM should not seek review. Devine v. Sutermeister, 724 F.2d 1558, 1566 (Fed.Cir.1983).
 
 
 11
 The matter here is such a case. The Board's decision was based on unusual and particular facts. As noted by the Board in its response here, this is not a typical "involuntary resignation" case. The issue was not whether Hammond was misled into resigning or able to exercise free choice. See, e.g., Scharf v. Department of the Air Force, 710 F.2d 1572 (Fed.Cir.1983). Rather, the issue was whether Hammond's letter constituted a resignation in view of the circumstances. The Board's decision did not fashion a new rule of law to be applied in future circumstances or interpret a statutory provision. The Board, instead, reviewed the facts and determined that Hammond's letter did not constitute a resignation. In short, OPM has not shown that the decision will have a substantial impact on the administration of the civil service.
 
 
 12
 Accordingly,
 
 IT IS ORDERED THAT:
 
 13
 OPM's petition for review is denied.
 
 
 
 *
 Hammond alleges that OPM's petition was filed one day late, on September 28, 1991. However, the petition was placed in the court's "night box" and is stamped "Received in Night Box on Sep 27, 1991."